IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOSEPH EDWIN MITCHELL,           )
                                 )
            Petitioner,          )
                                 )
v                                )     Civil Action No. 2:05cv373-MHT
                                 )              (WO)
                                 )
SCOTT MIDDLEBROOKS, WARDEN,      )
                                 )
            Respondent.          )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a petition for habeas corpus relief filed pursuant to

28 U.S.C. § 2241 (Doc. No. 1).  When he filed this action,[1] petitioner Joseph Edwin Mitchell

("Mitchell") was a federal prisoner incarcerated at the Federal Prison Camp on Maxwell Air

Force Base in Montgomery, Alabama.[2]  In his petition, Mitchell argues that the Federal

Bureau of Prisons ("BOP") impermissibly exercised its administrative discretion, and

violated his due process rights, in determining that a prior conviction for "DUI

manslaughter"in the State of Florida was not a "nonviolent offense" and that he was therefore

ineligible for a reduction of his federal sentence under 18 U.S.C. § 3621(e)(2)(B) for having

---

[1]Although Mitchell's petition was date-stamped "received" in this court on April 22, 2005, under the "mailbox rule" the court deems the petition filed on the date Mitchell delivered it to prison authorities for mailing, presumptively, April 19, 2005, the day that he signed it.  *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2]Mitchell was serving a 46-month sentence for trafficking in counterfeit labels for copies of computer programs, in violation of 18 U.S.C. § 2318.

completed a residential drug alcohol program ("RDAP").[3]

By his petition, Mitchell seeks an order compelling the BOP to grant him "immediate release to community corrections to complete the requirements of his early release pursuant to 18 U.S.C. § 3621(e)." (*See* Doc. No. 1 at 2.) However, during the pendency of this action, Mitchell completed the service of his sentence and was released from the custody of the BOP.[4] Accordingly, and in light of the specific relief sought by Mitchell, the court concludes that this action is due to be dismissed as moot.

### DISCUSSION

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist at all times when the case is pending. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). In a case such as this, where the only relief requested is injunctive in nature, it is possible for events subsequent to the filing of the petition to make the matter moot. *See National Black Police Assoc. v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991);

---

[3]Section 3621(e)(2)(B) of Title 18 grants the BOP discretion to reduce by up to one year the sentence of a prisoner who successfully completes the RDAP, but makes that reduction available only to a prisoner convicted of a "nonviolent offense." BOP policy requires both a review of the inmate's current conviction and of the inmate's past convictions in determining eligibility under § 3621(e)(2)(B). Mitchell successfully completed the RDAP while serving his federal sentence. It is uncontested that, before Mitchell completed the RDAP, BOP staff advised him that he would qualify for provisional eligibility for sentence reduction under § 3621(e)(2)(B) upon his completion of the RDAP. However, prior to Mitchell's completion of the program, the BOP determined that Mitchell's 1991 state conviction in Florida for "DUI manslaughter" did not constitute a "nonviolent offense" and that, as such, Mitchell was not eligible for a reduction of his sentence under § 3621.

[4]*See* the BOP's website, **http://www.bop.gov/** . *See also* Doc. No. 91, Mitchell's Notice of Change of Address.

*Tawwab v. Metz* 554 F.2d 22, 23 (2nd Cir. 1977).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975). Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." Federal courts are not permitted to rule upon questions that are hypothetical in nature or that do not affect the rights of the parties in the case before the court. *Lewis v. Continental Bank Corp.*, 494 US 472, 477 (1990). Furthermore, "[t]his case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.... [I]t is not enough that a dispute was very much alive when the suit was filed." *Id.*

In *Saladin v. Milledgeville*, 812 F.2d 687 (11th Cir. 1987), the court stated:

A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation.

812 F.2d at 693 (citations omitted).

Mitchell's objective in filing his habeas petition was to obtain release to a community corrections center so that he could complete the requirements for an early release from his prison term. However, because his sentence has expired and he has been released from custody, there is no longer a case or controversy to litigate through his habeas petition. *United States ex rel. Graham v. United States Parole Comm'n*, 732 F2d 849, 850 (11th Cir. 1984); *see also Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987) (citing Graham).

3

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the instant 28 U.S.C. § 2241 petition for habeas corpus relief be dismissed as moot since a more favorable decision on the merits would not entitle Mitchell to any additional relief.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **September 13, 2007.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 31st day of August, 2007.

4

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE